UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20158-CIV-MARTINEZ/GOODMAN
[Criminal Case No. 12-CR-20496-MARTINEZ]

THOMAS PATRICK KEELAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO REQUEST ADMISSIONS

Petitioner Thomas Patrick Keelan filed a purported Federal Rule of Civil Procedure 60(d)(3) motion seeking to set aside his conviction and sentence for child exploitation charges. [ECF No. 55]. In support of his motion, Keelan requests this Court to order the Government to respond to three requests for admissions. [ECF No. 58]. The United States filed a response in opposition. [ECF No. 60]. Keelan did not file a reply. United States District Judge Jose E. Martinez referred the case to the Undersigned for a ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on all dispositive matters. [ECF No. 5].

As explained below, the Undersigned **denies** Keelan's motion for discovery because Keelan's purported Rule 60(d)(3) motion is, in reality, a thinly-veiled, successive

§ 2255 motion. Keelan has not obtained the requisite permission from the Eleventh Circuit Court of Appeals, which leaves this Court without jurisdiction to consider the underlying motion. However, even if Keelan's motion were construed as a proper Rule 60(d)(3) motion (which it is not), he has still not shown any good cause entitling him to the requested admissions.

In January 2013, a jury found Keelan guilty of two counts of using a means of interstate commerce to knowingly persuade, induce, entice, or coerce a minor (J.S.) to engage in sexual activity in violation of 18 U.S.C. § 2422(b). [ECF No. 3]. The charges stemmed from alleged sexual conduct that took place between Keelan, who was 51 years old at the time, and his former student, J.S., who was 15 years old at the time. *See* [ECF No. 15, pp. 1-2]. Judge Martinez imposed a sentence of 200 months imprisonment, followed by 25 years of supervised release. [Crim. ECF No. 114].[1]

Keelan filed a motion to set aside his conviction under Rule 60(d)(3). [ECF No. 55]. The only law Keelan cites supporting his current discovery request is Federal Rule of Civil Procedure 36, titled "Requests for Admission." *Id.*; Fed. R. Civ. P. 36. Keelan doesn't offer an argument as to why he is entitled to discovery or how this discovery will assist him in proving "fraud."[2] Instead, he merely rehashes many of the allegations levied in

---

[1] "Crim. ECF No." refers to docket entries in Keelan's underlying criminal case, No. 12-20496-CR-MARTINEZ.

[2] Rule 60(d)(3) provides that it does not limit a Court's power to "set aside a judgment for fraud on the Court."

his substantive motion.

The district court has broad discretion in making discovery rulings. *Iraola & CIA., S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003). When "it appears that further discovery would not be helpful in resolving the issues, a request for further discovery is properly denied." *Avirgan v. Hull*, 932 F.2d 1572, 1580-81 (11th Cir. 1991) (concluding that the district court did not abuse its discretion in imposing discovery restrictions); *Aviation Specialties, Inc. v. United Techs. Corp.*, 568 F.2d 1186, 1190 (5th Cir. 1978) ("When the record becomes clear enough to disclose that further discovery is not needed to develop significant aspects of the case . . . discovery should be ended."). Further, the appellate court "will not overturn discovery rulings unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case." *Harrison v. Culliver*, 746 F.3d 1288, 1297 (11th Cir. 2014).

Regardless of whether Keelan's motion is treated as a successive § 2255 motion or as a Rule 60(d)(3) motion, he is not entitled to the discovery he seeks.

If Keelan's motion were properly treated as a successive § 2255 motion, he would be wholly unable to establish that this discovery could demonstrate that he is entitled to relief. *Bracy v. Gramley*, 520 U.S. 899, 904, 919 (1997) (in order to obtain post-conviction discovery, the movant must establish "good cause," which exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief").

3

Regardless of the merits of his allegations, Keelan has not obtained leave to file this successive petition from the Eleventh Circuit. This leaves the District Court with no discretion but to dismiss his petition. *Boykin v. United States*, 592 F. App'x 809, 811 (11th Cir. 2014) ("Without our authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion to vacate.").

Because the *only* available option for the District Court is dismissal, it is impossible that the proposed admissions could demonstrate that Keelan is entitled to relief.

Keelan's request fares no better if it is treated as a Rule 60(d)(3) motion. Although the Eleventh Circuit has not addressed post-judgment discovery in the context of Rule 60(d)(3), other circuits have held that courts may permit discovery to unearth evidence of fraud on the court. Such discovery has been permitted only where there is at least some showing of fraud. *Duhaime v. John Hancock Mut. Life Ins. Co.*, 183 F.3d 1 (1st Cir. 1999) (requiring "some showing that a fraud actually has occurred"); *Pearson v. First NH Mortg. Corp.*, 200 F.3d 30, 35 (1st Cir. 1999) (holding the court has the discretion to permit discovery proceedings "once the record evidence demonstrates a 'colorable' claim of fraud").

"Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which the attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (quotation omitted). "Less egregious misconduct, such as

4

nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id*. (quotation omitted).

Keelan has not made a "colorable" claim of fraud. His contentions are based on allegedly inconsistent evidence, *Brady* material, and improper comments by the Government. [ECF No. 55]. This is insufficient to meet Rule 60(d)(3)'s definition of fraud. *Baker v. United States*, 791 F. App'x 884, 885 (11th Cir. 2020) (allegations that "prosecutor had committed a fraud on the court by withholding information concerning witness perjury and by using 'lies' told by the victim" did not constitute fraud under Rule 60(d)(3)).

Because Keelan's allegations, even if true, are insufficient to meet the Rule 60(d)(3) definition of fraud, his proposed request for admissions would offer the Court no assistance in evaluating the merits of his claims.

For these reasons, the Undersigned **denies** Keelan's motion for authority to propound a request for admissions.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on April 1, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record

5