UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-20158-CIV-MARTINEZ/GOODMAN
(CASE NO. 12-20496-CR-MARTINEZ)

THOMAS PATRICK KEELAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

**OMNIBUS REPORT AND RECOMMENDATIONS ON KEELAN'S MOTION FOR SUMMARY JUDGMENT, MOTION FOR PERMISSION TO FILE A SUCCESSIVE § 2255 MOTION, MOTION TO VACATE FOR FRAUD ON THE COURT, AND MOTION FOR HEARING ON FRAUD-ON-THE-COURT/SECOND 2255**

Movant Thomas Keelan filed four motions concerning his desire to set aside his conviction and sentence for using a cell phone and the internet to knowingly persuade, induce, or entice a minor to engage in illegal sexual activity. [ECF Nos. 64; 69; 71; 74].[1] Each motion shares a similar theme: Keelan argues that his conviction and sentence should be set aside because of fraud on the court. *Id.* United States District Court Judge Jose E. Martinez referred the case to the Undersigned for a ruling on all pre-trial, non-

---

[1] References to the docket in the underlying criminal case will be to "CRDE" and references to the instant civil § 2255 habeas case will be to "ECF."

dispositive matters, and for a Report and Recommendations on all dispositive matters. [ECF No. 5].

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny** Keelan's Motion for Summary Judgment [ECF No. 64], **deny** Keelan's Motion for Permission to File a Second and Successive § 2255 Motion [ECF No. 69], **dismiss** for lack of jurisdiction Keelan's Motion to Vacate for Fraud on the Court [ECF No. 71], and **deny** Keelan's Motion for a Hearing on Fraud-On-The-Court/Second 2255 [ECF No. 74].

### I. Keelan's Motion for Summary Judgment

Keelan argues that summary judgment in his favor on his "Pro Se Motion to Set Aside Conviction Pursuant to Federal Rule of Civil Procedure 60(d)(3) Fraud on the Court" [ECF No. 55] is appropriate under Federal Rule of Civil Procedure 56(a). [ECF No. 64]. As an alternative request, he asks that this Court permit him to engage in discovery if his summary judgment motion were to be denied. *Id.*

The Undersigned has *already* issued a Report and Recommendations recommending that the motion for which Keelan now seeks a favorable summary judgment ruling be dismissed for lack of jurisdiction (the "Fraud R&R"). [ECF No. 63]. For the same reasons that Keelan's Rule 60(d)(3) motion should be dismissed for lack of jurisdiction, his Summary Judgment Motion should also be denied.

"Summary judgment is appropriate if the evidence establishes 'no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). As explained in the Fraud R&R, Keelan's allegations seek to attack the merits of his underlying conviction. [ECF No. 63]. This is an impermissible use of Rule 60(d)(3). *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 2648, 162 L.Ed.2d 480 (2005) (a proper Rule 60(d)(3) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings"). Thus, Keelan cannot prevail as a matter of law.

Keelan's request for discovery as an alternative form of relief also fails. The Undersigned denied Keelan's earlier, independent discovery request because Keelan could not establish that discovery would help him further his claim (which is either an impermissible successive habeas petition or a legally insufficient fraud on the court claim). [ECF No. 62]. Nothing in Keelan's current motion warrants altering that decision.

Because Keelan's factual allegations do not concern a defect in the integrity of his federal habeas proceedings, his Rule 60(d)(3) claim fails as a matter of law. *See* [ECF No. 63]. And, because his claim fails as a matter of law, Keelan's summary judgment request is without merit. Therefore, the Undersigned **respectfully recommends** that the District Court **deny** Keelan's Summary Judgment Motion and **deny** his alternative request for discovery.

      **II.**    **Keelan's Motion for Permission to File a Second and Successive § 2255**

**Motion**

Keelan seeks permission from the District Court to file a second and successive § 2255 motion. [ECF No. 69]. The body of the motion does not explain *why* Keelan should be permitted to file a successive § 2255 motion. Instead, Keelan argues why he is entitled to relief (i.e., an Order vacating his convictions), without explaining how the basis for the relief is different and distinct from his initial § 2255 motion.

Keelan's motion should be denied because he is requesting relief from a Court without jurisdiction to grant the requested relief. As explained to Keelan in an Order denying his earlier request to file a second or successive § 2255 motion, "[t]his Court lacks jurisdiction to grant Movant permission to file a second or successive motion to vacate because Movant can only seek such authorization from the Eleventh Circuit, pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)." [ECF No. 53 (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)]. Moreover, Keelan has already sought permission from the Eleventh Circuit, which dismissed his application because his "proposed claim . . . was previously presented in a § 2255 motion that was adjudicated with prejudice." *See* Exhibit A (Order in Eleventh Circuit Case No. 22-12214G).[2]

Because this Court is without jurisdiction to grant Keelan's request to file a second or successive § 2255 motion, the Undersigned respectfully recommends that the District

---

[2] In a footnote at the end of the Order, the Eleventh Circuit "note[d] that, even if consideration of Keelan's proposed claims was warranted, we would still reject them for failing to satisfy [28 U.S.C. § 2255(h)]." *See* Exhibit A.

4

Court **deny** Keelan's motion.

### III. Keelan's Motion to Vacate for Fraud on the Court by the FBI

Although titled as a "Motion to Vacate," Keelan's only prayer for relief in the body of his motion is that "[a]t minimum, a hearing is required." [ECF No. 71]. Based on the allegations in the motion, however, Keelan contends that members of the judiciary, specific Assistant United States Attorneys, his defense attorney, and F.B.I. agents have committed fraud, which has been revealed by the adjudication of Keelan's § 2255 motions.

This motion offers no new information. Instead, the motion operates as a mere summary of the claims raised in Keelan's earlier motion to vacate his convictions based on fraud [ECF No. 55], which the Undersigned has recommended be dismissed for lack of jurisdiction as an improper successive § 2255 motion. [ECF No. 63]. For the same reasons the Undersigned recommended dismissal in the Fraud R&R, the Undersigned **respectfully recommends** that the District Court **dismiss** Keelan's Motion to Vacate for Fraud on the Court by the FBI.

### IV. Motion for Hearing on Fraud-On-The Court/Second 2255

Keelan filed a separate motion seeking a hearing on his motions to vacate his conviction for fraud on the court [ECF Nos. 55; 71][3] and his motion for permission to file

---

[3] Keelan's motion does not specify the specific pending fraud motion for which he seeks a hearing. Because there are two fraud motions, which are nearly identical in

a second or successive § 2255 motion [ECF No. 69]. [ECF No. 74]. Although Keelan's request for a hearing on his § 2255-related motion is newly raised, his request for a hearing on his fraud motions is redundant because, in each of those motions, he has also requested a hearing. *See* [ECF Nos. 55 ("Keelan will need counsel for the hearing, which the court MUST deem essential."); 71 ("At minimum, a hearing is required.")].

The motions for which Keelan seeks a hearing are meritless. In each of his fraud-based motions, Keelan has attacked his underlying conviction, which is an impermissible use of Rule 60(d)(3). *See Gonzalez*, 545 U.S. at 532. Likewise, his request for permission to file a successive § 2255 motion is meritless because this Court is without jurisdiction to rule on Keelan's motion. *See Farris*, 333 F.3d at 1216.

To the extent Keelan's motion for a hearing could be read as raising a new ground for relief, the Undersigned writes separately to address Keelan's contention that "[r]ejection of Keelan's § 2255 [motion] was based on a motion that does NOT EXIST." [ECF No. 74 (emphasis in original)]. It is unclear whether Keelan is claiming that the Federal Rule of Evidence 412 motion filed in his criminal case was never actually filed -- i.e., does not exist -- or whether Keelan is dissatisfied with the motion.

The Undersigned's Report and Recommendations on Keelan's original habeas petition and the District Court's Order adopting the Report and Recommendations relied,

---

substance and requested relief, the Undersigned has opted to treat Keelan's request as a request for a hearing on *both* pending motions.

in part, on the fact that many of Keelan's claims concerning ineffective assistance of counsel were refuted by the fact that Keelan's trial counsel filed a pre-trial motion under Federal Rule of Evidence 412(b), seeking to introduce evidence of the minor victim's prior sexual history. [ECF Nos. 25; 35].

If Keelan's contention is read as a claim that the Rule 412(b) motion was never filed and, thus, there was fraud within the habeas proceedings, then his request should be denied on the merits. A review of the docket in the criminal case reveals that Keelan's trial counsel filed the Rule 412(b) motion [CRDE No. 29] and the Court denied his motion [CRDE No. 34]. Therefore, the record conclusively refutes any allegation that such a motion does not exist or was not filed in his case.

For these reasons, the Undersigned **respectfully recommends** that the District Court **deny** Keelan's request for a hearing. And, to the extent he raises a claim that there was fraud during the habeas proceedings, the Undersigned **respectfully recommends** that the District Court **deny** Keelan's request on the merits.

### V.     Conclusion

For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court **deny** Keelan's Motion for Summary Judgment [ECF No. 64], **deny** Keelan's Motion for Permission to File a Second and Successive § 2255 Motion [ECF No. 69], **dismiss** for lack of jurisdiction Keelan's Motion to Vacate for Fraud on the Court [ECF No. 71], and **deny** Keelan's Motion for a Hearing on Fraud-On-The-Court/Second 2255.

## VI. Objections

The parties will have 14 days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, September 12, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
Counsel of Record