UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 17-20158-CIV-MARTINEZ

THOMAS PATRICK KEELAN,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS

**THIS MATTER** was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, for a Report and Recommendation ("R&R") on all dispositive matters, (ECF No. 5). Magistrate Goodman has issued two R&Rs: The First R&R, (ECF No. 63), recommends dismissing for lack of jurisdiction Movant's Motion to Set Aside Conviction pursuant to Fed. R. Civ. P. 60(d)(3), (ECF No. 55). The Second R&R, (ECF No. 75), recommends denying Movant's Motion for Summary Judgment, (ECF No. 64), denying Movant's Motion for Permission to File a Second and Successive § 2255 Motion, (ECF No. 69), dismissing Movant's Motion to Vacate for Fraud on the Court, (ECF No. 71), and denying Movant's Motion for a Hearing on Fraud-On-The-Court/Second § 2255, (ECF No. 74).

This Court has conducted a *de novo* review of the record and the issues in the R&Rs to which Movant has filed timely Objections. This Court agrees with the well-reasoned analysis and conclusions in Magistrate Goodman's R&Rs, which this Court fully adopts herein.

In the First R&R, (ECF No. 63), Magistrate Goodman concludes that Movant's Fed. R. Civ. P. 60(d)(3) Motion, (ECF No. 55), is in legal effect an unauthorized second or successive §

2255 motion to vacate because it challenges Movant's underlying criminal conviction and sentence and does not present a valid Rule 60(d)(3) claim of fraud on the Court. In his Objections to the First R&R, Movant presents no legal basis for rejecting this conclusion; he claims only that it is based on "mind reading" and "is an unfair assertion." (ECF No. 65 at 5). Movant uses his Objections, along with his other vexatious filings in this case, to repeat arguments about his underlying conviction that have been previously addressed and rejected. As Magistrate Goodman explained, this Court lacks jurisdiction to consider these arguments without authorization from the Eleventh Circuit Court of Appeals because Movant has already filed a § 2255 Motion to Vacate that was denied on the merits. (*See* ECF No. 35); *see also Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) ("Absent authorization from this Court, the district court lacks jurisdiction to consider a second or successive habeas petition").

In the Second R&R, (ECF No. 75), Magistrate Goodman recommends denying or dismissing Movant's subsequent motions, (ECF Nos. 64, 69, 71, 74), for the same reason: each Motion rehashes Movant's attacks on the merits of his underlying conviction. This Court need not consider Movant's Objections to the Second R&R because they were filed 99 days past the deadline, and Movant offers no reason for the delay. (*See* ECF No. 75 at 8) ("Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report") (citing 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989)). The Second R&R is therefore reviewed only for clear error, and this Court finds none. *See Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x

781, 784 (11th Cir. 2006). Even if timely, however, Movant's Objections are without merit because he identifies no legal error in the Second R&R. Instead, he again repeats arguments attacking his underlying conviction, including his claim raised in his initial § 2255 motion that his trial attorney was ineffective for failing to admit evidence of the victim's past sexual behavior. (*See* ECF No. 87 at 1–3). Movant is advised to cease further filings in this case because it is now closed, and filing privileges will be restricted if he continues to rehash arguments previously rejected.[1] *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (the Court "has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others"); *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (the Court is "authorized to restrict access to vexatious and abusive litigants.").

Accordingly, it is **ORDERED AND ADJUDGED** that

1. The R&R Recommending Dismissal of Fed. R. Civ. P. 60(d)(3) Motion, (ECF No. 63), is **AFFIRMED AND ADOPTED**.

2. The Omnibus R&R, (ECF No. 75), is **AFFIRMED AND ADOPTED**.

3. Movant's Motion to Set Aside Conviction Pursuant to Fed. R. Civ. P. 60(d)(3) Fraud on the Court, (ECF No. 55), is **DISMISSED** for lack of jurisdiction.

4. Movant's Motion for Summary Judgment, (ECF No. 64), is **DENIED** and his alternative request for discovery is **DENIED**.

5. Movant's Motion for Permission to File a Second and Successive § 2255, (ECF No. 69), is **DENIED**.

---

[1] This Court notes that Movant has filed 24 pleadings in this case since it was closed three and a half years ago.

6. Movant's Motion to Vacate for Fraud on the Court by the FBI, (ECF No. 71), is **DISMISSED** for lack of jurisdiction.

7. Movant's Motion for Hearing on Fraud-On-The-Court/Second § 2255, (ECF No. 74), is **DENIED**.

8. No certificate of appealability shall issue because this Court lacks jurisdiction to issue one. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17 day of April, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Thomas Patrick Keelan, *pro se*
All Counsel of record